*Webb, Lee and Davis for plaintiff.*
*Henry & Henry for defendant McKenzie.*

PER CURIAM. Appellant complains of the admission, over his objection, of evidence of medical expenses incurred on account of plaintiff's injuries, and of the judge's charge permitting recovery of such expenses by infant plaintiff. Plaintiff's father had a separate cause of action for such expenses. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925. His father served as Next Friend in the prosecution of this action. The allegations of the complaint respecting medical expenses are in general terms, but are sufficient to support a recovery for such expenses. *Kizer v. Bowman,* 256 N.C. 565, 124 S.E. 2d 543. Where the father, in whom the cause of action for medical expenses exists, is Next Friend and participates in the trial in which an award is made to the infant for medical expenses, the participation is a waiver of the father's right to recover such expenses. *Doss v. Sewell,* 257 N.C. 404, 125 S.E. 2d 899. According to the decided cases it is error under certain circumstances for the court to permit recovery of medical expenses by an unemancipated infant, over the objection of defendant made in apt time and form. Upon consideration of the entire record, we are of the opinion that if it was error in the instant case, the error was not sufficiently prejudicial to warrant a new trial.

Appellant assigns as error the charge of the court that the jury might award damages for future or permanent injury. He contends that there is no evidence to support such instruction. The assignment is overruled. The record contains some evidence of permanent injury.

No error.

—————

STATE v. MARY M. DOBBINS.

(Filed 28 April, 1965.)

APPEAL by defendant from *Johnston, J.,* October Session 1964 of WILKES.

This is a criminal action. The defendant was tried upon a bill of indictment charging her with murder in the first degree, but upon calling the case the solicitor announced that he would not ask for a conviction of murder in the first degree but for murder in the second degree or manslaughter.

The State's evidence tends to show that on 24 August 1964, defendant, Mary M. Dobbins, and Cranford Holcomb went to the house of

Geraldine Ward at Mountain Valley in Wilkes County. Another man, Davis Brannon, was already at Geraldine Ward's house.

The four persons above mentioned sat at the kitchen table in the Ward house. According to the evidence, the males made some improper advances on the defendant and Geraldine Ward and were talking about sex. Cranford Holcomb threatened to hit Geraldine Ward. Brannon and Holcomb were requested to leave; Brannon left, but Holcomb remained. Geraldine Ward and the defendant managed to push Holcomb out of the house and to lock the door.

The evidence further tends to show that Cranford Holcomb, while he was on the front porch of the Ward house, told Mary Dobbins, "if she would give him back his money he would go on and leave," and that was all Holcomb said to the defendant or to Geraldine Ward after he was locked out of the house. After that, Holcomb went around the house several times, came back up on the porch and began pecking on the window. The defendant told the Sheriff of Wilkes County that she walked to the kitchen, picked up a chair, took it into the living room and stepped up on it and got the shotgun, stepped back on the floor and shot through the window. She further stated that "she didn't see anyone when she shot, that she purely shot out of the window from where the noise was coming."

The Sheriff testified that he examined the house and that there were plastic curtains over the window, hanging on each side of the window with a space about ten to twelve inches between the two curtains. The curtain on the left side of the window had been shot through.

The top of Cranford Holcomb's head was shot off and he was found lying on the porch floor in front of the window through which the defendant shot.

At the close of the State's evidence, the State rested, and without putting on evidence the defense rested. The jury returned a verdict of guilty of murder in the second degree. From the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton; Deputy Attorney General Ralph Moody for the State.*

*Hayes & Hayes; Porter & Conner for defendant.*

PER CURIAM. After a careful review of the evidence adduced in the trial below, and upon an examination of the exceptions and assignments of error, we have concluded that no reversible error was committed in the trial below.

No error.